UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

THERESE LORE,

           Plaintiff,

    v.                                     5:00-CV-1833

CITY OF SYRACUSE; CITY OF SYRACUSE POLICE DEPARTMENT; JOHN FALGE, in official and individual capacity; FIRST DEPUTY CHIEF DANIEL BOYLE, in his official and individual capacity; DEPUTY CHIEF ROBERT TASSONE, in his official and individual capacity; CITY OF SYRACUSE MAYOR ROY BERNARDI, in his official and individual capacity; LIEUTENANT MIKE RATHBURN, in his official and individual capacity; CAPTAIN MIKE KERWIN, in his official and individual capacity; RICK GUY, CITY CORPORATION COUNSEL, in his official and individual capacity; MICHAEL LEMM, in his official and individual capacity; JOHN DOE, in his official and individual capacity,

           Defendants,
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| BOSMAN LAW OFFICE<br>Attorney for Plaintiff<br>258 Genesee Street<br>Suite 301<br>Utica, NY 13502 | A.J. BOSMAN, ESQ. |
| KERNAN, KERNAN, PC<br>Attorneys for Plaintiff<br>258 Genesee Street<br>Suite 600<br>Utica, NY 13502 | JAMES W. HYDE, IV, ESQ.<br>JAMES P. GODEMANN, ESQ. |
| SMITH, SOVIK, KENDRICK,<br>& SUGNET, P.C.<br>Attorneys for Defendants<br>250 South Clinton Street<br>Suite 600<br>Syracuse, NY 13202-1252 | KEVIN E. HULSLANDER, ESQ.<br>GABRIELLE M. HOPE, ESQ. |

HOWARD G. MUNSON, SR. J.

**MEMORANDUM DECISION AND ORDER**

Currently before the court is defendants' motion seeking an order of preclusion pursuant to Rule 37(c), 26(a) and Rule 26(c) of the Federal Rules of Civil Procedure, based on plaintiff's late filing of Supplemental Pre-Trial Disclosures of 10 new witnesses, and a Supplemental Expert Witness Disclosure. Plaintiff has entered opposition to this motion.

In an order dated February 3, 2004, Magistrate Judge David E. Peebles directed that discovery would end on April 30, 2004. Although the order specified that May 31, 2004, was the cutoff date for filing dispositive motions, defendants motion for summary judgment was properly filed on June 1, 2004, because in 2004, May 31, was a legal holiday.

On November 1, 2004, plaintiff served defendants with Supplemental Pre-Trial Disclosures pursuant to Fed.R.Civ.P. 26(e). In this post-discovery deadline document, plaintiff named ten new witnesses for the first time. The list is comprised of past and current Syracuse Police Department ("SPD") officers.

Three of the disclosed witnesses, Katherine Lee, Sonia Dotson and Curtis Brown, are or were SPD officers who are now plaintiff's attorney's clients in discrimination cases currently pending in the Northern District of New York against the SPD. With the exception of Wendy Tippin, the rest of the witnesses named are presently long time employees of the SPD, and are plaintiff's co-employees.

Defendants contend that plaintiff's attorney learned about these persons during discovery in the instant case. Their identities and any the factual basis of the testimony they may furnish, were known both to plaintiff and her attorney prior to discovery cloture. Under Rule 26(a), plaintiff was compelled to make these disclosures and her intention to offer testimony at trial,

2

during the discovery period, not seven months thereafter. Under the Rules of Federal Procedure, these late disclosed witnesses should not be allowed to testify.

On or about November 16, 2004, plaintiff's attorney served defense counsel a requested Supplemental Expert Witness Disclosure. The disclosure is an affidavit from plaintiff's expert, W. Ken Katsaris, dated November 9, 2004. In her February 7, 2005 letter to the court, plaintiff's counsel seeks to submit this affidavit in further opposition to defendants' motion for summary judgment, after the deadline for expert disclosure and after all summary judgment submissions have been made.

Defendants' assert that plaintiff had not set forth any excuse or cause for serving these tardy disclosures. Allowing the ten newly disclosed witnesses to testify, and condoning further expert disclosure after discovery's conclusion and the expert has already been deposed, would contravene the Federal Rules and should be precluded.

In <u>United States v. Procter & Gamble Co.</u>, 356 U.S. 677, 682, 78 S. Ct. 983, 986, 2 L. Ed. 2d 1077 (1958), the Court stated that "[m]odern instruments of discovery serve a useful purpose.... They together with pretrial procedures make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent. Only strong public policies weigh against disclosure."

<u>Supplemental Disclosure of Witnesses</u>:

Defendants' motion is made pursuant to Fed.R.Civ.P. 37(c)(1) to preclude plaintiff from introducing at trial any witnesses not previously disclosed during the pretrial disclosure period.

3

Defendants claim plaintiff is attempting to introduce witnesses that she did not produce during discovery. Federal Rules of Civil Procedure 26(a) and 26(e) place an initial and ongoing burden on all parties to disclose the identities of individuals that they may use to support their claims or defenses. "A preclusion sanction may not come into play unless there first has been a violation of a disclosure obligation imposed by Rule 26(a) or 26(e)(1)." 7 Moore's Federal Practice at S 37.60[1] (2000). "Exclusion under Rule 37(c)(1) is a form of a sanction, designed to encourage compliance with the disclosure requirements of the Rules and the Court." Schanzer v. United Technologies Corp., 120 F. Supp.2d 200, 206 (D. Conn.2000). Rule 37(c)(1) prevents a party who fails to disclose that information without substantial justification from using that evidence at trial, unless the failure to disclose is harmless.

Defendants acknowledge that two of the witnesses were disclosed during discovery as potential witnesses by defendants pursuant to Rule 26(a). It also appears that, although plaintiff may not have formally disclosed the other witnesses to defendants previously, defendants were aware of their existence and relevancy. Three are or were SPD officers, and, with one exception, the other witnesses are veteran SPD employees, and plaintiff's co-employees, who, after repeated demands, and a court order, were made known to plaintiff's attorney by defendants as having filed complaints about sex or race discrimination against the defendants.

Plaintiff essentially argues that these witnesses were untimely disclosed and, in any event, the situations they would testify about would be inadmissible, therefore, they should be precluded from testifying at the trial pursuant to Fed. R. Civ. P. 26 and 37. However, the court concludes that it is appropriate to invoke Rule 37's harmless error provision. While it may be true that plaintiff failed to adhere to the letter of the discovery rules, the court is convinced that

defendants were sufficiently aware of the existence and relevance of the persons in question so that defendants are not being subjected to trial by ambush.

Supplemental Expert Witness Disclosure**:**

The genesis of this supplemental expert's report took place during the deposition of plaintiff expert Katsaris on April 27, 2004. He was asked by defense counsel to provide specific examples in the IDA investigatory files which he had reviewed, that showed male SPD sergeants were treated more favorably and disciplined less harshly than female sergeants during the time period in question in the lawsuit. Katsaris said that would require a supplemental report because it would necessitate the reexamination of a great amount of documentation. Defense counsel stated that a supplemental report on this issue would be acceptable. (Katsaris Dep. pp. 59-61).

Fed.R.Civ.P. 26(a) contains mandatory disclosure requirements regarding disclosure of witnesses and documents that are relevant to disputed facts alleged with particularity in the pleadings, and Fed.R.Civ.P. 26(e)(1) contains a duty to supplement disclosures under Fed.R.Civ.P. 26(a) if the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other party during the discovery process or in writing.

Federal Rule of Civil Procedure 37(c)(1) (" Rule 37(c)(1)") provides that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) or Rule 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless

5

such failure is harmless, permitted to use as evidence at a trial ... any witness or information not so disclosed." " Rule 37(c)(1)'s preclusionary sanction is 'automatic' absent a determination of either 'substantial justification' or 'harmlessness.' " American Stock Exchange, LLC v. Mopex, Inc., 215 F.R.D. 87, 93 (S.D.N.Y.2002) (citing Salgado v. General Motors Corp., 150 F.3d 735, 742 (7th Cir.1998); In re Motel 6 Securities Litigation, 161 F. Supp.2d 227, 243 (S.D.N.Y.2001); Bastys v. Rothschild, 2000 WL 1810107, at *26 (S.D.N.Y. Nov. 21, 2000)). There must be a violation of Fed.R.Civ.P. 26(a) or 26(e)(1) in order for there to be a preclusion sanction.

The decision whether to consider documents that are untimely filed rests within the sound discretion of the district court. Williams v. Thomson Corp., 383 F.3d 789, 791 (8th Cir.2004). Sanction of preclusion is a "drastic remedy." Cartier, Inc. v. Four Star Jewelry Creations, Inc., 2003 WL 22471909 (D. Conn. Oct. 31, 2003); Jockey International, Inc. v. M/V Leverkusen Express, 217 F. Supp.2d 447, 452 (S.D.N.Y.2002)(Preclusion of evidence is generally a disfavored action); Ward v. National Geographic Society, 2002 WL 27777, at *2 (S.D.N.Y. Jan. 11, 2002) (acknowledging that preclusion is a "drastic remedy" to be imposed only "in those rare cases where a party's conduct represents flagrant bad faith and callous disregard of the Federal Rules of Civil Procedure").

Even in the face of missed deadlines, "excluding expert testimony can 'frustrate the Federal Rules' overarching objective of doing substantial justice to litigants.' " Id. (quoting In re Kreta Shipping, S.A., 181 F.R.D. 273, 277 (S.D.N.Y.1998)). The following factors must be considered: "(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the

opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." Softel, Inc. v. Dragon Medical & Scientific Communications, Inc., 118 F.3d 955, 961 (2d Cir.1997); Sealed Plaintiff # 1, *et al.* v. Sealed Defendant # 1, *et al.*, 221 F.R.D. 367, 368 (N.D.N.Y. 2004).

Plaintiff's counsel states that it was not until she was reviewing the transcript in response to defendant's summary judgement motion, that it became apparent that the Katsaris supplement had not been made. It was then produced forthwith, and sent to defendants' counsel.

In the instant case, defense counsel had had the substance of expert Katsaris' position on the alleged variance of the treatment and punishments received by SPD male and female sergeants in disciplinary matters. His supplemental report did not alter this position. The supplemental affidavit did not include a new opinion which had not been previously disclosed. It merely listed the 10 IAD disciplinary proceeding decisions he reviewed that supported the conclusion he expressed in his deposition testimony.

The touchstone for determining whether to exclude an untimely expert report is whether the party opposing their admission is prejudiced. In re Paoli R.R. Yard PCB Litigation, 35 F.3d 717, 791 (3d Cir.1994). Plaintiff has not pointed to any prejudice that she suffered as a result of the late supplemental report proffered by defendants' expert, Katsaris.

Aside from attacking the content of the plaintiff's expert's Supplemental Disclosure, defendants only argument for excluding the supplemental report is that it was late. While that is obviously a highly important factor, it is not alone determinative. Defendants' counsel received the supplemental report on November 16, 2004, the motion to preclude was not made filed until February 17, 2005. If plaintiff's counsel truly thought she was prejudiced by this

supplemental report, she should have raised the issue sooner. The lack of new testimony in the supplemental report also means the plaintiff will not suffer any prejudice as a result of having to prepare to meet such testimony. The court finds that the unseasonable supplementation by plaintiff's expert was harmless, and it will be considered in reviewing defendants' summary judgment motion.

Accordingly, defendants' motion seeking preclusion of plaintiff's Supplemental Pre-Trial Witness Disclosures and Plaintiff's Supplemental Expert Witness Disclosure is **DENIED** in its entirety.

**IT IS SO ORDERED**

Dated: November 17, 2005
  Syracuse, New York

_____
Howard G. Munson
Senior U.S. District Judge