IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------

THERESE LORE,

                Plaintiff,

    v.                            Civil Action No.
                                  5:00-CV-1833 (HGM/DEP)

CITY OF SYRACUSE, *et al.*,

                Defendants.

-------------------------------------------------------------------

APPEARANCES:                    OF COUNSEL:

FOR PLAINTIFF:

OFFICE OF A.J. BOSMAN        A.J. BOSMAN, ESQ.
225 N. Washington St.
Rome, NY 13440

FOR DEFENDANTS:

SMITH, SOVICK LAW FIRM      KEVIN M. HULSLANDER, ESQ.
250 S. Clinton St.                  GABRIELLE M. HOPE, ESQ.
Syracuse, NY 13202

PETRONE, PETRONE LAW FIRM  DAVID H. WALSH, IV, ESQ.
1624 Genesee Street
Utica, NY 13502

FOR CITY OF SYRACUSE:

HON. TERRI BRIGHT             CATHERINE E. CARNRIKE, ESQ.
Corporation Counsel          Assistant Corporation Counsel
300 City Hall
233 E. Washington St.
Syracuse, NY 13202

DAVID E. PEEBLES

U.S. MAGISTRATE JUDGE

## ORDER

The firm of Smith, Sovik Kendrick & Sugnet, P.C. ("Smith Sovik"), formerly counsel of record for the defendants in this action, have requested this court's intervention in a dispute with its former clients, including the City of Syracuse, over payment of billed but unpaid fees and disbursements. Smith Sovik asserts the existence of both a charging lien, pursuant to N.Y. Judiciary Law § 475, and a common law retaining lien covering the files in its possession regarding this action, pending payment of outstanding invoices for fees and disbursements, totaling in the approximate amount of $24,500. The defendants and the City of Syracuse oppose the motion on a variety of grounds arguing, *inter alia*, that Smith Sovik's failure to comply with the requirements in New York for retention of counsel and to advise of the availability of a fee dispute resolution mechanism precludes recovery of fees in the case, even in an action sounding in *quantum meruit*.

Oral argument was conducted on January 25, 2006 with regard to the instant dispute. After rejecting defendants' argument that the City of Syracuse is not obligated to pay any fee to Smith Sovik based upon its failure to comply with applicable New York requirements, and with consent

of the parties, I indicated that I would exercise ancillary jurisdiction over the fee dispute and, in the event that my efforts to mediate the dispute are unsuccessful, will decide the matter. Pending resolution of the fee dispute and payment of all outstanding fees and disbursements, I also indicated that I would recognize the existence of a retaining lien authorizing Smith Sovik to retain possession of all of the pleadings and papers currently within its possession associated with this case, regardless of when they were generated.

My courtroom deputy will be in contact with the parties to establish a date and time for mediation of the instant fee dispute. In light of the sensitive nature of those discussions, which may of necessity result in disclosure of attorney-client confidences, the mediation will be conducted without the presence of plaintiff's counsel. In the event the dispute is not resolved through that mechanism, the court will address and decide the fee dispute and issue an order directing Smith Sovik to relinquish the files over which it currently exercises a retaining lien once the amount of the

unpaid amount, as determined by the court to be reasonable and appropriate, is paid.

    SO ORDERED.

Date:     January 30, 2006
               Syracuse, NY

David E. Peebles
U.S. Magistrate Judge

G:\Civil\2000\00-CV-1833\order13.wpd