UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK

FEB 26 2007

FILED
SYRACUSE, NY

THERESE LORE,

          Plaintiff,

v.                                                  5:00-CV-1833

CITY OF SYRACUSE; CITY OF SYRACUSE POLICE DEPARTMENT; JOHN FALGE, in his official and individual capacity; FIRST DEPUTY CHIEF DANIEL BOYLE, in his official and individual capacity; DEPUTY CHIEF ROBERT TASSONE, in his official and individual capacity; CITY OF SYRACUSE MAYOR ROY BERNARDI, in his official and individual capacity; LIEUTENANT MIKE RATHBUN, in his official and individual capacity; CAPTAIN MIKE KERWIN, in his official and individual capacity, RICK GUY, CITY CORPORATION COUNSEL, in his official and individual capacity; MICHAEL LEMM, in his official and individual capacity; JOHN DOE, in his official and individual capacity,

          Defendants,

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| BOSMAN LAW OFFICE<br>Attorney for Plaintiff<br>258 Genesee Street<br>Suite 301<br>Utica, NY 13502 | A.J. BOSMAN, ESQ. |
| KERNAN, KERNAN, P.C.<br>Attorneys for Plaintiff<br>258 Genesee Street<br>Suite 600<br>Utica, NY 13502 | JAMES W. HYDE, IV, ESQ.<br>JAMES P. GODEMANN, ESQ. |
| SMITH, SOVIK, KENDRICK<br>& SUGNET P.C<br>Attorneys for Defendants<br>250 South Clinton Street, Suite 600<br>Syracuse, N.Y. 13202-1252 | KEVIN E. HULSLANDER, ESQ.<br>GABRIELLE M. HOPE, ESQ. |

THOMAS J. MILLER, ESQ.
Attorney for Defendant Michael Lemm
314 East Fayette Street
Syracuse, NY 13202


HOWARD G. MUNSON, SR. J.

---

## MEMORANDUM DECISION AND ORDER

Plaintiff, Therese Lore, is a Sergeant in the Syracuse, New York Police department. In her complaint, amended complaint, and second amended complaint, she alleges, *inter alai*, that she was treated differently at the SPD because she is a female. On December 1, 2000, plaintiff filed a verified complaint in the United States District Court for the Northern District of New York alleging that the named defendants' actions violated 42 U.S.C, § 1983, Title VII of the Civil Rights Act of 1964, as well as the First, Fifth and Fourteenth Amendment of the United States Constitution. The request relief seeks money damages to redress asserted statutory damages caused by the unlawful actions. Michael Lemm was not named as a defendant in plaintiff's original complaint.

On August 17, 2001, plaintiff filed an amended complaint and a second amended complaint wherein Lemm was named as a defendant. Paragraph 95 of the amended complaint asserts that defendants Michael Lemm and a John Doe, left threatening messages in a disguised voice on her home telephone answering machine, which harassed, annoyed and threatened her in such a manner it caused her extreme emotional upset.

In plaintiff's second amended complaint, she alleges in paragraph 95, that Michael

2

Lemm and John Doe, and other named defendants, conspired by "discussing the Plaintiff's complaint(s) and agreeing to, or failing to, protect the Plaintiff from calls" intended to inflict plaintiff with extreme emotional distress, and cause her to discontinue her lawsuit

Currently before the court is defendant Lemm's motion for summary judgment pursuant to Federal Rule of Civil procedure 56, arguing that plaintiff's second amended complaint fails to state a claim upon which relief can be granted with respect to him. Plaintiff opposes defendant Lemm's motion.

As discussed more fully below, defendant Lemm's 0motion is denied, with leave to renew, for the failure of the parties to the motion to follow the requisite procedural requirements for such motion under the Local Rules of the Northern District of New York.

The Local Rules are not empty formalities. Local Rules, such as 7.1(a), 7.1(a)(3), 7.1(b)(1)(B), and 7.1(b)(3), "serve to notify the parties of the factual support for their opponent's arguments, but more importantly inform the court of the evidence and arguments in an organized way-thus facilitating its judgment of the necessity for a trial." Little v. Cox's Supermarkets, 71 F.3d 637, 641 (7th Cir.1995). Each of these functions is critical. A party's failure to comply with these rules is fundamentally unfair to the opposing party. The opposing party has a right to be informed of the factual bases of his rival's case and the specific foundations for those contentions of fact. Non-compliant conduct is also adverse to the conservation of judicial resources which are most efficiently used when the parties meet their adversarial duties in a tightly orchestrated and lucid manner. Meaney v. CHS Acquisition Corp., 103 F.Supp.2d 104, 107 (N.D.N.Y.2000); Niles v. New York Office of Mental Retardation and Development Disability, 1996 WL 743839, at *6 (N.D.N.Y. Dec 20, 1996).

3

The Local Rules of the Northern District provide a mechanism for the efficient resolution of summary judgment motions.

Local Rule 7.1(a)(2), requires that an affidavit is required for all motions except for motions made pursuant to Fed.R.Civ.P. (12(b)(6), 12(c) and 12(f).

The affidavit must not contain legal arguments but must contain factual and procedural background as appropriate for the motion being made.

Local Rule 7.1(a)(1) directs that ""[a]ll memoranda of lwaw shall contain atable of contents and, whereever possible, parallel citations."

Local Rule 7.1(a)(3), places the onus on the parties to marshal the evidence that either supports, or defeats, the motion. In this regard, Local Rule 7.1(a)(3) requires a party moving for summary judgment to submit a "Statement of Material Facts" which shall set forth, in numbered paragraphs, each material fact about which the moving party contends there exists no genuine issue. Each fact listed shall set forth a specific citation to the record where the fact is established. The record for purposes of the Statement of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits. It does not, however, include attorney's affidavits. N.D.N.Y.L.R. 7.1(a)(3). The failure of a moving party to file a properly supported Local Rule 7.1 Statement of Material Facts is fatal to a summary judgment motion. Riley v. Town of Bethlehem, 5 F.Supp.2d 92, 93 (N.D.N.Y.1998)

Once a properly supported Local Rule 7.1(a)(3) statement is submitted, the Local Rules require that the party opposing summary judgment file a response to the [movant's] Statement of Material Facts. The non-movant's response shall mirror the movant's Statement of Material Facts by admitting and/or denying each of the movant's assertions in matching numbered

4

paragraphs. Each denial shall set forth a specific citation to the record where the factual issue arises. The non-movant's response may also set forth any additional material facts that the non-movant contends are in dispute in separately numbered paragraphs. Any facts set forth in the Statement of Material Facts shall be deemed admitted unless specifically controverted by the opposing party. Id.

The responding Statement of Material Facts is not a mere formality, and the Courts of the Northern District apply this rule strictly. N.Y. Teamsters Conference Pension & Retirement Fund v. Express Servicess, Inc., 426 F.3d 640, 648-49 (2d Cir.2005)(upholding grant of summary judgment where "[t]he district court, applying Rule 7.1(a)(3) strictly, reasonably deemed [movant's] statement of facts to be admitted" because the non-movant submitting a responsive Rule 7.1(a)(3) statement that "offered mostly conclusory denials of [movant's] factual assertions and failed to include any record citations."); Gubitosi v. Kapica, 154 F.3d 30, 31 n. 1 (2d Cir.1998)(*per curiam*)(accepting as true material facts contained in unopposed local rule statement of material facts); Meaney v. CHS Acquisition Corp., 103 F.Supp.2d 104, 108 (N.D.N.Y.2000)(deeming movant's Rule 7.1(a)(3) Statement admitted where non-movant's response "set forth no citations--specific or otherwise--to the record"); McKnight v. Dormitory Auth. of State of N.Y., 189 F.R.D. 225, 227 (N.D.N.Y.1999)("deem[ing] the portions of Defendants' 7.1(a)(3) statement that are not specifically controverted by Plaintiff to be admitted"); Osier v. Broome County, 47 F. Supp.2d 311, 317 (N.D.N.Y.1999) (deeming admitted all facts in defendants' Rule 7.1(a)(3) statement where "plaintiff submitted thirteen pages of purported facts without any indication where those facts can be located in the record").

Because both parties in this case have failed to follow the necessary procedural steps for

this motion, it must be denied.

Defendant Lemm did not submit an affidavit with his motion papers, his memorandum of law does not contain a table of contents, and, wherever possible, parallel citations, and the paragraphs in his Material Statement of facts are unnumbered.

The plaintiff's response to the defendant Lemm's Statement of Material Facts consisted of a one sentence, general denial thereof. No record supported these denials, and this document does not meet the Local Rule requirements for opposing the defendant Lemm's Statement of Material Facts. Plaintiff's Memorandum of Law was made "in opposition to defendants' motions for summary judgment," however, the court was unable to discern any mention of defendant Lemm's alleged actions in this memorandum.

This is precisely the scenario to which the Local Rules are aimed. In requiring full and strict compliance with these rules, the court is not splitting hairs. Local Rule rules have a crucial function. They were drafted to force litigants to focus sharply on the specific factual issues in dispute. By doing this, and providing precise citations to the record where the disputed, or undisputed, facts are located, both the parties and the court can move immediately to the gravamen of the case; absent this forced focus, the parties' briefs can remain, as is often the case, as "two ships passing in the night." Cossack v. Burns, 970 F. Supp. 108, 111 (N.D.N.Y.1997); see also Little v. Cox's Supermarkets, 71 F.3d 637, 641 (7th Cir.1995) (stating that local rules "serve to notify the parties of the factual support for their opponent's arguments, but more importantly inform the court of the evidence and arguments in an organized way--thus facilitating its judgment of the necessity for trial.").

If compliance with the Local Rules can be accomplished with the minimal statements

6

provided here, any benefits inuring from them would be completely eviscerated.

Accordingly, because of both parties' counsels' non-compliance with the Local Rules practice for summary judgment procedure, defendant Lemm's motion for summary judgment is DENIED WITHOUT PREJUDICE, with leave to renew within thirty (30) days from the date of this decision and order.

IT IS SO ORDERED.

Dated: February 26, 2007
Syracuse, New York

*Howard G. Munson*
**HOWARD G. MUNSON**
**SENIOR U. S.DISTRICT JUDGE**

7