UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~

THERESE LORE,

       Plaintiff,    5:00-CV-1833

  v.

CITY OF SYRACUSE; CITY OF SYRACUSE
POLICE DEPARTMENT; DANIEL BOYLE,
First Deputy Chief, Syracuse Police Department;
ROY BERNARDI, Mayor, City of Syracuse;
MIKE KERWIN, Captain, Syracuse Police
Department; RICK GUY, City Corporation
Counsel, in His Individual and Official Capacity;
MICHAEL LEMM, in His Individual and Official
Capacity; and JOHN DOE, in His Individual
and Official Capacity,

       Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:

A.J. BOSMAN, ESQ.
Attorney for Plaintiff
6599 Martin Street
Rome, New York 13440

SMITH, SOVIK, KENDRICK & SUGNET, P.C.  EDWARD J. SMITH, III, ESQ.
Attorney for Defendants         GABRIELLE M. HOPE, ESQ.
250 South Clinton Street
Suite 600
Syracuse, New York 13202

DAVID N. HURD
United States District Judge

# O R D E R

  Both sides have made post trial motions.  (Doc. Nos. 297, 298, 301, and 305.)

Both sides have opposed. (Doc. Nos. 302 and 303.)  Both sides have filed a reply. (Docket

Nos. 305 and 306.) Because of the number of extensions and adjournments, the motions were taken on submit.

The jury verdict was justified by the law and the evidence. In fact, as reflected in the detailed verdict form completed and signed by the eight jurors, there was very careful consideration given to the claims against each separate defendant. (See Verdict Form Doc. No. 291.)

1. **Daniel Boyle**: The jury found that he banned plaintiff from the ABC Office, (Verdict Form Question 1, at 2); but that plaintiff failed to prove by a preponderance of the evidence that he knew about her EEOC complaint when he took such action. (Verdict Form Question A-2, at 2).

2. **Rick Guy**: The jury found that he made negative comments to the press about plaintiff, knew about her EEOC complaint, the comments were a material adverse employment action, were motivated by her complaints, and caused actual damages (Verdict Form Questions B-1, 2, 3, 4, and 5, at 5-6); but he was entitled to qualified immunity, (Verdict Form Question F-2, at 17).

3. **Michael Kerwin**: The jury found that he threatened plaintiff, knew about her EEOC complaint, and the threats were on a material adverse employment action, (Verdict Form Questions C-1, 2 and 3, at 8-9); but plaintiff failed to prove by a preponderance of the evidence that his threats were motivated by her complaints. (Verdict Form Question C-4, at 9.)

4. **Michael Lemm**: The jury found that the plaintiff failed to prove by a preponderance of the evidence that he left the harassing telephone message on plaintiff's answering machine. (Verdict Form Question D-1, at 11.)

5. **City of Syracuse**: The jury found that the plaintiff did prove by a preponderance of the evidence that other employees and representatives of the City did threaten criminal and administrative charges against her, did file a criminal complaint with the Onondaga County District Attorney's office, did suspend her for ten (10) days, knew about her EEOC complaint, these acts constituted material adverse employment actions, her complaint was a motivating factor for these actions, and caused actual damages to the plaintiff. (Verdict Form Questions E-1, 2, 3, 4, and 5, at 14-15.)

The verdict in favor of defendant Boyle was particularly problematic to the defendant City of Syracuse. By answering "Yes" to Question A-1 on page 2, the jury, in effect, found that the Deputy Chief of Police knew about plaintiff's alleged criminal conduct on or about July 14, 2000. However, it was not until her Arbitration hearing on September 20, 2000, (over two months later) that she was confronted with the alleged criminal conduct. Thereafter, on September 22, 2000, three police officers filed criminal complaints against her, and the matter was referred to the Onondaga County District Attorney's office. On November 2, 2000, (three and a half months later), she was suspended for ten (10) days. The jury could well have concluded that if plaintiff had actually engaged in the serious criminal conduct as alleged by the Police Department, charges would have immediately been filed against her and the matter would have immediately been referred to the District Attorney's office. By waiting over two months to file charges and refer the matter to the District Attorney's office, - and only after plaintiff refused to withdraw her EEOC complaint - the jury was justified in concluding that the City employees and representatives were motivated by retaliation against her in violation of the Human Rights Law and Title VII.

It appears as if the defendant City of Syracuse may not have raised an appropriate or timely objection to submissions of the breach of contract claim to the jury. In any event, in view of the evidence of Human Rights Law and § 1983 violations by the City, the submission of the breach of contract claim to the jury, even if incorrect, was harmless error. However, it is unclear from the verdict form whether or not the jury actually made a specific finding of breach of contract against the City. Therefore, prejudgment interest will not be awarded.

Based upon evidence at trial, the jury's award of compensatory damages was fair and reasonable, and did not shock the conscience. There was, of course, no award of punitive damages against the City.

All arguments on both sides have been considered and are either without merit or have been waived by failing to timely object, or to raise the issue. Plaintiff is entitled to reasonable attorney's fee and costs on the issues and the one defendant in which she was the prevailing party.

Therefore, it is

ORDERED, that

1. Defendants' motion is DENIED, except that judgment will be entered dismissing the complaint against defendants Boyle, Kerwin, Guy, and Lemm;

2. Plaintiff's motion is DENIED except an appropriate judgment will be entered against the defendant City of Syracuse;

3. Plaintiff may file and serve a motion for reasonable attorney's fees and costs on or before August 21, 2009;

    4. Defendant City of Syracuse may file and serve opposition on or before September 4, 2009;

    5. A reply is not allowed; and

    6. The motion will be on submit.

Thereafter the Clerk of the Court will be directed to enter judgment accordingly.

IT IS SO ORDERED.

                                                          United States District Judge

Dated:   August 7, 2009
             Utica, New York.