UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~

THERESE LORE,

                        Plaintiff,           5:00-CV-1833

    v.

CITY OF SYRACUSE; et al,

                        Defendants.

~~~~~~~~~~~~~~~~~~~~~~~~~~

APPEARANCES:

A.J. BOSMAN, ESQ.
Attorney for Plaintiff
6599 Martin Street
Rome, New York 13440

KERNAN & KERNAN, P.C.                 JAMES P. GODEMANN, ESQ.
Suite 600
258 Genesee Street
Utica, New York 13502

SMITH, SOVIK, KENDRICK & SUGNET, P.C.    EDWARD J. SMITH, III, ESQ.
Attorney for Defendants                 GABRIELLE M. HOPE, ESQ.
250 South Clinton Street
Suite 600
Syracuse, New York 13202

DAVID N. HURD
United States District Judge

# **O R D E R**

## I. **INTRODUCTION**

Plaintiff has filed an application for attorney's fees and costs pursuant to 42 U.S.C. § 1988 (Docket No. 310). Defendants have opposed. (Docket No. 311). The application was taken on submission without oral argument.

## II. <u>STANDARD</u>

Costs other than attorney's fees "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). Pursuant to 42 U.S.C. § 1988, attorney's fees may be awarded to a prevailing party in, inter alia, civil rights litigation as part of the costs imposed.

Attorney's fees are awarded by determining a presumptively reasonable fee, reached by multiplying a reasonable hourly rate by the number of reasonably expended hours. See <u>Simmons v. N.Y. City Transit Auth.</u>, 575 F.3d 170, 174 (2d Cir. 2009). The reasonable hourly rate should be "'what a reasonable, paying client would be willing to pay' given that such a party wishes 'to spend the minimum necessary to litigate the case effectively.'" <u>Id</u>. (quoting <u>Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany</u>, 493 F3d. 110, 112, 118 (2d Cir. 2007), <u>amended on other grounds by</u> 522 F.3d 182 (2d Cir. 2008)). This Circuit's "forum rule" generally requires use of "the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." <u>Id</u>. (internal quotations omitted); <u>Picinich v. United Parcel Serv.</u>, No. 5:01-CV-01868, 2008 WL 1766746, at *2 (N.D.N.Y. Apr. 14, 2008) (McCurn, Sr. J.). Only "in the unusual case" will a prevailing plaintiff be able to demonstrate that selection of counsel outside the district at a higher rate was "reasonable under the circumstances." <u>Simmons</u>, 575 F.3d at 175 (internal quotations omitted).

The prevailing hourly rates in this district, which are what a reasonable, paying client would be willing to pay, are "$210 per hour for an experienced attorney, $150 per hour for an attorney with more than four years experience, $120 per hour for an attorney with less than four years experience, and $80 per hour for paralegals." <u>Picinich</u>, 2008 WL 1766746, at *2. Additionally, it is customary in this district to allow only one-half the hourly

rate for travel time.  Lewis v. City of Albany Police Dep't., 554 F. Supp. 2d 297, 299 (N.D.N.Y. 2008), aff'd, No. 08-2722-CV, 2009 WL 1256657 (2d Cir. May 7, 2009).

Further, an attorney's fee should be limited to those claims in which the plaintiff achieved success.  Hensley v. Eckerhart, 461 U.S. 424, 430, 103 S. Ct. 1933, 1938 (1983).  Unsuccessful claims must be eliminated and the attorney's fee claim reduced. Barfield v. New York City Health & Hosp. Corp., 537 F. 3d 132,152 (2d Cir. 2008).

## III.  DISCUSSION

Plaintiff seeks attorney's fees of $351,529.25 ($330,291.25 - A.J. Bosman, Esq.; $21,238.00 - Kernan and Kernan, P.C.) plus costs of $17,405.04 ($16,750.02 - A.J. Bosman, Esq.; $655.02 - Kernan and Kernan, P.C.) for a total of $368,934.29.  Plaintiff also seeks an upward adjustment of $25,000.00.  Defendants oppose the application as seeking excessive hours, unreasonable hourly rates, duplicative fees, and  unnecessary costs.  Defendants also request a reduction based upon plaintiff's limited success.

The submissions have been reviewed and the above standard has been applied.

FIRST:  The $5,240.00 claim for secretarial services is disallowed.

SECOND:  An hourly rate of $210.00 per hour (legal work), and $105.00 per hour (travel) is applied to A.J. Bosman, Esq.  This results in a total attorney fee claim reduction of $72,923.50 ($72,735.00 (legal work) and $188.50 (travel)).

THIRD:  Some of the legal work hours claimed are excessive and duplicative. The A.J. Bosman, Esq., legal work claim is reduced by 215 hours, and the Kernan and Kernan, P.C. legal work claim is reduced by 34 hours.  This results in a total attorney fee claim reduction of $51,440.00 (215 hrs. x $210.00 = $45,150.00 - A.J.  Bosman, Esq.; and 34 hrs. x $185.00 = $6,290.00 - Kernan and Kernan, P.C.).

FOURTH:  Some of the costs claimed are excessive and unnecessary.  This results in a total cost claim reduction of $4,797.72 ($4,615.22 - A.J. Bosman, Esq.; and $182.50 - Kernan and Kernan, P.C.).

FIFTH:  The plaintiff was not successful against eight of the nine original defendants, but did achieve substantial success against the defendant City of Syracuse.  The attorney's fees claims are reduced by 30%.  This results in a total attorney fee claim reduction of $66,577.73 ($62,093.33 - A.J. Bosman, Esq.; and $4,484.40 - Kernan and Kernan, P.C.).

SIXTH:  The application for an upward adjustment is denied.

SEVENTH:  As a result, the plaintiff is entitled to reasonable attorney's fees and costs as follows:

```
A.J. Bosman, Esq.  -  Attorney Fees      $144,884.42
                      Costs              + 12,134.80
                      Total              $157,019.22

Kernan and Kernan, P.C.  - Attorney Fees $10,463.60
                           Costs         +    472.52
                           Total         $10,936.12

                    ~ ~ ~ ~ ~ ~ ~ ~

             Total Attorney Fees             $155,348.02
             Total Costs                     + 12,607.32
             Total Attorney Fees and Costs   $167,955.34
```

Therefore, it is

ORDERED, that

1. Plaintiff is awarded attorney's fees and costs in the total amount of $167,955.34;

2. The Clerk of the Court is directed to enter Judgment in favor of the plaintiff Therese Lore and against the defendant City of Syracuse in the sum of $417,955.34 ($250,000.00 compensatory damages plus $167,955.34 attorney's fees and costs); and dismissing the action against the defendants City of Syracuse Police Department, John Falge, Daniel Boyle, Robert Tassone, Roy Bernardi, Mike Rathbun, Mike Kerwin, Rick Guy, and Michael Lemm; and

3. Pursuant to Fed. R. Civ. P. 62(d), execution of the Judgment is stayed pending appeal upon the filing of a Notice of Appeal and a supersedeas bond, approved by the court, in the amount of $600,000.00, on or before September 18, 2009.

IT IS SO ORDERED.

_____
United States District Judge

Dated:   September 11, 2009
         Utica, New York.